UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOYOON CHOI, | CASE NO. C16-1745JLR |
| Plaintiff, | ORDER |
| v. | |
| QUALITY LOAN SERVICE CORPORATION, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the court is Plaintiff Boyoon Choi's motion for a temporary restraining order ("TRO"). (TRO Mot. (Dkt. # 28).) Ms. Choi seeks to restrain Defendants Quality Loan Service Corporation ("QLS"), Ocwen Loan Servicing ("Ocwen"), Bank of America, NA ("BANA"), and Wilmington Trust, National Association ("Wilmington") (collectively, "Defendants") from proceeding with a nonjudicial foreclosure sale

//

scheduled for February 17, 2017. (*See generally id.*; Compl. (Dkt. # 1-1).) QLS filed a notice indicating that it intends to respond to the TRO motion. (QLS Not. (Dkt. # 31).) The other Defendants have not yet indicated whether they intend to respond to the TRO motion. (*See* Dkt.)

Based on developments that have occurred since removal from state court, the court questions whether it has subject matter jurisdiction over this action. Accordingly, the court DIRECTS the parties to simultaneously brief Ms. Choi's TRO motion and the court's subject manner jurisdiction in the manner set forth below.

## II. SUBJECT MATTER JURISDICTION

Ms. Choi filed this case in Snohomish County Superior Court on October 6, 2016.[1] (Compl.; St. Ct. Dkt. (Dkt. # 1-2).) Ms. Choi seeks to quiet title to the property at 2022 151st Way SE, Mill Creek, Washington ("the Property") and asserts violations of Washington's Deed of Trust Act ("DTA"), RCW ch. 61.24, and Consumer Protection Act ("CPA"), RCW ch. 19.86. (Compl. ¶¶ 24-51.) Ms. Choi asserts these state law claims against Defendants, each of which allegedly played a role in Ms. Choi's default on her mortgage and the imminent nonjudicial foreclosure. (*See generally id.*) QLS serves as the foreclosing trustee. (*Id.* ¶ 6.) QLS and Ms. Choi are both Washington domiciliaries. (*Id.* ¶¶ 5-6, 12.)

On November 10, 2016, BANA removed this case from Snohomish County Superior Court. (Not. of Rem. (Dkt. # 1).) BANA asserted that the court had subject

---

[1] Although Ms. Choi's TRO motion purports to rely upon her "verified [c]omplaint" (TRO Mot. at 4), the only complaint on record in this action is unverified (*see generally* Compl.).

1  matter jurisdiction based on complete diversity between the parties. (*Id.* ¶ 5.) BANA
2  acknowledged that Ms. Choi and QLS are both Washington domiciliaries. (*Id.* ¶ 5(c).)
3  However, BANA contended that QLS's Washington domicile does not destroy complete
4  diversity "because QLS has been named in this action solely in its capacity as Trustee
5  under the Deed of Trust" and is therefore a nominal defendant. (*Id.* (citing *S.E.C. v.*
6  *Collello*, 139 F.3d 674, 676 (9th Cir. 1998); *Prudential Real Estate Affiliates, Inc. v. PPR*
7  *Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).) To support this assertion, BANA
8  posited that Ms. Choi "is not seeking money damages against QLS," Ms. Choi and QLS
9  "have agreed that QLS is not required to participate in the litigation." (*Id.*) Neither Ms.
10 Choi nor Defendants objected to BANA's assertions.
11         Since BANA filed its notice of removal, however, several filings call into question
12 the accuracy of the assertions on which BANA based its argument that QLS is a nominal
13 defendant. (*See* Not. of Rem. ¶ 5(c).) First, QLS filed a motion to dismiss in which it
14 argues that Ms. Choi fails to state a CPA claim against QLS. (QLS MTD (Dkt. # 12).)
15 Second, in response to that motion, Ms. Choi argues that QLS violated the DTA and
16 committed a CPA violation. (Resp. to QLS MTD (Dkt. # 16) at 4-5.) Third, in the
17 section of her TRO motion addressing the likelihood of success on the merits, Ms. Choi
18 argues that "QLS breached it [sic] duty of impartiality by failing to respond or provide
19 any explanation to Plaintiff's demand letter, and thus did not exercise independent
20 discretion as required by the DTA." (TRO Mot. at 11.) Ms. Choi further argues that
21 QLS violated the CPA. (*Id.* at 11-12.)
22 //

ORDER - 3

Based on those filings, the court questions whether complete diversity exists and whether the court has subject matter jurisdiction over this matter. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining the complete diversity requirement). The court accordingly ORDERS Ms. Choi and Defendants to show cause why the court should not remand this case for lack of subject matter jurisdiction.[2] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (placing the burden on the defendant to overcome the strong presumption against removal jurisdiction).

### III. CONCLUSION

The court DIRECTS Ms. Choi to file her response regarding subject matter jurisdiction no later than Monday, February 13, 2017, at 2:00 p.m. Her response may not exceed five (5) pages and may not address any matter other than subject matter jurisdiction. The court DIRECTS Defendants to file their responses regarding subject matter jurisdiction and their responses to Ms. Choi's TRO motion no later than Monday, February 13, 2017, at 2:00 p.m. Defendants may file their responses jointly or individually. However, each response must address both subject matter jurisdiction and the merits of Ms. Choi's TRO motion. Defendants' response(s) may not exceed twelve (12) pages each.

Dated this 9th day of February, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court notes that the typical timeline for remand from federal court to state court would extend beyond February 17, 2017, and thereby render the state court unable to afford the preliminary injunctive relief that Ms. Choi seeks.