UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOYOON CHOI,

             Plaintiff,

v.

QUALITY LOAN SERVICE CORPORATION, et al.,

             Defendants.

CASE NO. C16-1745JLR

ORDER OF REMAND

## I. INTRODUCTION

Before the court is Plaintiff Boyoon Choi's motion for a temporary restraining order ("TRO"). (TRO Mot. (Dkt. # 28).) Defendants Ocwen Loan Servicing, LLC ("Ocwen"), and Wilmington Trust, N.A. ("Wilmington"), oppose the motion. (Ocwen/Wilmington Br. (Dkt. # 42).) Defendants Quality Loan Service Corporation ("QLS") and Bank of America, N.A. ("BANA") take no position on Ms. Choi's motion. (QLS Br. (Dkt. # 33); BANA Br. (Dkt. # 35).) In response to the court's order to show

ORDER - 1

cause (2/9/17 Order (Dkt. # 32)), Ms. Choi filed additional briefing regarding subject matter jurisdiction (Choi Br. (Dkt. # 36)). Having considered the parties' briefing, the relevant portions of the record, and the applicable law,[1] the court REMANDS this case to Snohomish County Superior Court for lack of subject matter jurisdiction and DENIES the remainder of the pending motions as moot.

## II.   BACKGROUND & ANALYSIS

Ms. Choi filed this case in Snohomish County Superior Court on October 6, 2016.[2] (Compl.; St. Ct. Dkt. (Dkt. # 1-2).) Ms. Choi seeks to quiet title to the property at 2022 151st Way SE, Mill Creek, Washington ("the Property") and asserts violations of Washington's Deed of Trust Act ("DTA"), RCW ch. 61.24, and Consumer Protection Act ("CPA"), RCW ch. 19.86. (Compl. ¶¶ 24-51.) Ms. Choi asserts these state law claims against Defendants, each of which allegedly played a role in Ms. Choi's default on her mortgage and the imminent nonjudicial foreclosure. (*See generally id.*) QLS serves as the foreclosing trustee. (*Id.* ¶ 6.) QLS and Ms. Choi are both Washington domiciliaries. (*Id.* ¶¶ 5-6, 12.)

On November 10, 2016, BANA removed this case from Snohomish County Superior Court. (Not. of Rem. (Dkt. # 1).) BANA asserted that the court had subject

---

[1] Although Ms. Choi requested oral argument (TRO Mot. at 1), the court deems oral argument unnecessary to the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Although Ms. Choi's TRO motion purports to rely in part upon her "verified [c]omplaint" (TRO Mot. at 4), the only complaint on record in this action is unverified (*see generally* Compl.). The court raised this oversight in its February 9, 2017, order (2/9/17 Order at 2 n.1), but Ms. Choi has not supplemented the record with any sworn declaration or other evidence.

ORDER - 2

matter jurisdiction based on complete diversity between the parties. (*Id.* ¶ 5.) BANA acknowledged that Ms. Choi and QLS are both Washington domiciliaries. (*Id.* ¶ 5(c).) However, BANA contended that QLS's Washington domicile does not destroy complete diversity "because QLS has been named in this action solely in its capacity as Trustee under the Deed of Trust" and is therefore a nominal defendant. (*Id.* (citing *S.E.C. v. Collello*, 139 F.3d 674, 676 (9th Cir. 1998); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).) To support this assertion, BANA posited that Ms. Choi "is not seeking money damages against QLS" and that Ms. Choi and QLS "have agreed that QLS is not required to participate in the litigation."[3] (*Id.*) Neither Ms. Choi nor Defendants objected to BANA's assertions.

After BANA filed its notice of removal, however, several filings called into question the accuracy of the assertions on which BANA based its argument that QLS is a nominal defendant. (*See* Not. of Rem. ¶ 5(c).) First, QLS filed a motion to dismiss in which it argues that Ms. Choi fails to state a CPA claim against QLS. (QLS MTD (Dkt. # 12).) Second, in response to that motion, Ms. Choi argues that QLS violated the DTA and committed a CPA violation. (Resp. to QLS MTD (Dkt. # 16) at 4-5.) Third, in the section of her TRO motion addressing the likelihood of success on the merits, Ms. Choi argues that "QLS breached it [sic] duty of impartiality by failing to respond or provide any explanation to Plaintiff's demand letter, and thus did not exercise independent

---

[3] In its "corrected" notice of removal, BANA removed the allegation that Ms. Choi and QLS agreed that QLS does not need to participate in this litigation. (*See* Corr. Not. of Rem. (Dkt. # 8) ¶ 5(c).) BANA maintains that its contrary statement in the initial notice of removal resulted from confusing this case with another case. (*See* BANA Br. at 2 n.1.)

1  discretion as required by the DTA." (TRO Mot. at 11.) Ms. Choi further argues that

2  QLS violated the CPA. (*Id.* at 11-12.)

3  Based on those filings, the court ordered the parties to brief the court's basis for

4  subject matter jurisdiction over this matter. (*See* 2/9/17 Order); *see Gaus v. Miles, Inc.*,

5  980 F.2d 564, 566 (9th Cir. 1992) (placing the burden on the defendant to overcome the

6  strong presumption against removal jurisdiction). QLS takes no position regarding

7  subject matter jurisdiction. (QLS Br. at 1.) BANA responded by defending its initial

8  notice of removal as proper based on the allegations in the complaint. (BANA Br. at

9  2-6.) However, BANA "does not oppose remand" to the extent "facts have come to light

10 since the removal from which" the court determines that it lacks subject matter

11 jurisdiction. (*Id.* at 7.) Ocwen and Wilmington join in BANA's response regarding

12 subject matter jurisdiction. (Ocwen/Wilmington Br. at 2.)

13 Ms. Choi responded to the court's order by invoking the court's equitable powers.

14 (*See* Choi Br. at 1-2 ("[I]n the interest of justice and in order to afford Plaintiff an

15 opportunity to prevent her home from unjust foreclosure, Plaintiff respectfully requests

16 that the [c]ourt exercise its inherent powers of equity . . . ."); *see also* Ocwen/Wilmington

17 Br. at 2 ("Plaintiff herself consents to this [c]ourt's jurisdiction . . . .").) Specifically, Ms.

18 Choi asks the court to take one of three actions that would remedy the lack of subject

19 matter jurisdiction: (1) allow Ms. Choi to amend her complaint to assert a Fair Debt

20 Collection Practices Act ("FDCPA") claim against QLS (Choi Br. at 2-4); (2) grant

21 QLS's motion to dismiss and afford Ms. Choi leave to amend the complaint to state an

22 FDCPA claim (*id.* at 4); and (3) dismiss QLS as a defendant without prejudice (*id.* at

4-5). The first two options would confer federal question jurisdiction on the court, 28 U.S.C. § 1331, whereas the third would remedy the diversity deficiency, 28 U.S.C. § 1332; *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining the complete diversity requirement).

The court's subject matter jurisdiction inheres in Article III of the United States Constitution and the jurisdictional statutes that Congress has enacted. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The court has no authority to expand its subject matter jurisdiction based on equitable considerations. *See id.* Ms. Choi does not dispute the court's inference that she seeks to recover monetary damages from QLS. (*See* Choi Br.) QLS is therefore not a nominal defendant in this action, as BANA asserted in its notice of removal. (*See* Not. of Rem. ¶ 5(c); *see also* Corr. Not. of Rem. ¶ 5(c).) Furthermore, the court rejects Ms. Choi's dilatory[4] and procedurally improper methods of curing the defect in subject matter jurisdiction by amending the complaint or dismissing QLS (*see* Choi Br. at 2-5) because "at [this] time," 28 U.S.C. § 1447(c), QLS is a named defendant that destroys complete diversity and thereby deprives the court of subject matter jurisdiction, *cf. Colello*, 139

//

//

---

[4] BANA removed this case more than three months ago on the basis of diversity jurisdiction, but Ms. Choi has not moved to remand the case on the basis of incomplete diversity. (*See* Dkt.) Indeed, Ms. Choi requested no relief from the court until her February 8, 2017, motions for a temporary restraining order (TRO Mot.) and a preliminary injunction (PI Mot. (Dkt. # 25)). She has therefore foregone ample opportunities to avoid the procedural conundrum in which she finds herself.

F.3d at 676; *PPR Realty*, 204 F.3d at 873. Lacking subject matter jurisdiction at this time, the court must remand the action to state court.[5] 28 U.S.C. § 1447(c).

## III.  CONCLUSION

Based on the foregoing analysis, the court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Snohomish County Superior Court;
2. The Clerk shall send copies of this order to all counsel of record for all parties;
3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for Snohomish County Superior Court;
4. The Clerk shall also transmit the record herein to the Clerk of the Court for Snohomish County Superior Court;

//

//

//

---

[5] Even if the court had subject matter jurisdiction and Ms. Choi had sworn to the veracity of the allegations in her unverified complaint, *see supra* n.2, Ms. Choi fails to demonstrate an entitlement to preliminary injunctive relief. Among other showings, Ms. Choi must demonstrate at least substantial questions going to the merits of her quiet title claim. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Ms. Choi's quiet title claim relies on the premises that Defendants accelerated her mortgage on June 16, 2010, and that more than six years passed without deceleration or the commencement of foreclosure proceedings. (*See* TRO Mot. at 6-10.) Ocwen and Wilmington have produced evidence that Defendants decelerated Ms. Choi's loan during that six-year period and, at any rate, took timely action less than six years after they purportedly accelerated Ms. Choi's mortgage. (1st Wozniak Decl. (Dkt. # 39) ¶¶ 8-19; *see also* Ocwen/Wilmington Br. at 10-12.) Accordingly, even if it had subject matter jurisdiction over this matter, the court would deny Ms. Choi a TRO for failure to show substantial questions going to the merits of her claim.

5. The parties shall file nothing further in this matter,[6] and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk shall terminate all pending motions (Dkt. ## 10, 12, 13, 25, 28) and CLOSE this case.

Dated this 14th day of February, 2017.

JAMES L. ROBART
United States District Judge

---

[6] The court ordered Ocwen and Wilmington to show cause why they should not be sanctioned for failure to comply with a prior court order. (2/13/17 Order (Dkt. # 40) at 2.) Counsel's declaration satisfies the court that the oversight was inadvertent, and the court declines to issue sanctions and requires no further briefing on this matter. (2d Wozniak Decl. (Dkt. # 41) ¶¶ 2-4.)